United States District Court
Southern District of Texas
**ENTERED**
November 14, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID EDWARD KENJALO, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-25-4510 |
| § | |
| FIFTH THIRD BANK, N.A., § | |
| § | |
| Defendant. § | |

ORDER

Pending before the Court is Defendant Fifth Third National Bank Association's Motion to Dismiss (Document No. 6). Having considered the motion, submissions, and applicable law, the Court determines that the pending motion should be granted.

I. BACKGROUND

This is a case stemming from the repossession of a motor vehicle. On September 27, 2024, *pro se* Plaintiff David Edward Kenjalo ("Kenjalo") financed a 2020 Dodge Ram 2500 Truck ("the Vehicle") through Defendant Fifth Third Bank, N.A. ("Fifth Third Bank").[1] Kenjalo alleges that Fifth Third Bank wrongfully

---

[1] In his complaint, Kenjalo describes himself as "a living man, in propria persona, Executor and Secured Party Creditor for the Estate styled as 'David Edward Kenjalo.'" Fifth Third Bank contends that Kenjalo's self-identification and legal arguments in this matter are consistent with litigants who subscribe to "sovereign citizen" legal theories.

repossessed the Vehicle. Kenjalo further alleges that Fifth Third Bank "failed to provide any lawful validation, wet-ink signed contract, or evidence of funds lent by the bank," and further "retained possession of trust-held collateral despite confirming that the account was no longer active, and refused all remedy."[2] In response, Fifth Third Bank contends that Kenjalo failed to make the required payments for the Vehicle, which led to repossession of the Vehicle on September 10, 2025.

Based on the foregoing, on September 22, 2025, Kenjalo filed suit against Fifth Third Bank in this Court pursuant to federal question jurisdiction alleging eight claims for: (1) violations of the Fair Debt Collection Practices Act; (2) violations of the Truth in Lending Act; (3) violations of the Declaratory Judgment Act; (4) violations of the Article 9 of the Uniform Commercial Code; (5) conversion of trust property and commercial dishonor; (6) declaratory quiet title; (7) constructive fraud and collateral conversion; and (8) unjust enrichment.[3] The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). On October 24, 2025, Fifth Third Bank moved to dismiss Kenjalo's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).

---

[2] *See Plaintiff's Complaint for Declaratory and Injunctive Relief, Damages, and Equitable Remedy*, Document No. 1 at 3.

[3] *See Plaintiff's Complaint for Declaratory and Injunctive Relief, Damages, and Equitable Remedy*, Document No. 1 at 4–5.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. LAW & ANALYSIS

Fifth Third Bank moves to dismiss Kenjalo's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that Kenjalo fails to state a claim upon which relief can be granted. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In response, Kenjalo describes Fifth Third Bank as "dishonorable" and objects to Fifth Third Bank's characterization of Kenjalo as a sovereign citizen.[4]

Fifth Third Bank primarily contends that Kenjalo's claims each stem from a common legal theory held by professed sovereign citizens. This theory proposes that the United States Treasury maintains banking accounts for each citizen from birth by filing a UCC financing statement under a citizen's legal name, allowing sovereign citizens to redeem secret funds to satisfy or discharge certain debts, such as the one underlying this dispute. Fifth Third Bank notes for the Court a plethora of instances where nearly identical legal theories have been considered and universally rejected by federal district courts across the country. *E.g. Bautista v. Cap. One Fin. Corp.*, 2025 U.S. Dist. LEXIS 161834, *7 (N.D. Tex. July 25, 2025); *McClain v. I-10 MAC Haik CDJR LTD*, 2023 U.S. Dist. LEXIS 10764, *3–4 (S.D. Tex. Jan. 23, 2023); *Brown v. Exeter Fin. LLC*, 2021 U.S. Dist. LEXIS 183369, *11 (N.D. Tex. Aug. 27,

---

[4] *See Plaintiff's Opposition to Motion to Dismiss*, Document No. 8 at 1–4.

4

2021); *Saltkill v. Navy Fed. Credit Union,* 2025 U.S. Dist. LEXIS 112969, *4–5 (W.D. Tex. June 13, 2025).

In his complaint, Kenjalo questions the validity of his contractual obligations with Fifth Third Bank and asks the Court to allow his "perfected UCC Financing Statement" to dissolve the debt for the Vehicle.[5] In response, Fifth Third Bank specifically contends that each of Kenjalo's claims fail to state any actionable basis for relief, amounting to frivolous claims routinely dismissed by federal district courts across the country. A thorough review of Kenjalo's complaint in this matter reveals that each of Kenjalo's claims against Fifth Third Bank are predicated upon the existence of a "perfected UCC Financing Statement" filed with the Iowa Secretary of State, which Kenjalo asserts entitles him to an immediate return of the Vehicle and damages not less than $25,000 for "dishonor."[6]

Even construing Kenjalo's complaint liberally, the Court finds no independent claim asserted against Fifth Third Bank regarding the actual contractual relationship between the parties in this case, or excusing Kenjako's failure to make timely payments for the Vehicle. Thus, having considered the pending motion, submissions, and plethora of case law soundly rejecting the legal theories Kenjalo offers in his

---

[5] *See Plaintiff's Complaint for Declaratory and Injunctive Relief, Damages, and Equitable Remedy,* Document No. 1 at 3.

[6] *See Plaintiff's Complaint for Declaratory and Injunctive Relief, Damages, and Equitable Remedy,* Document No. 1 at 3–6.

complaint, the Court determines that Fifth Third Bank's pending motion to dismiss should be granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Fifth Third National Bank Association's Motion to Dismiss (Document No. 6) is **GRANTED**. The Court further

**ORDERS** that Plaintiff David Edward Kenjalo's claims against Defendant Fifth Third Bank, N.A. are **DISMISSED**.

**THIS IS A FINAL JUDGMENT**.

SIGNED at Houston, Texas, on this 13 day of November, 2025.

DAVID HITTNER
United States District Judge